# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERRI LYNN SPIRES,                          )
                                            )
                        Plaintiff,          )
                                            )
vs.                                         )      Case No. 17-1016-JTM-KGG
                                            )
BOOTBARN/SHEPLERS,                          )
                                            )
                        Defendant.          )
_____)

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with her federal court Complaint alleging racial

discrimination in her employment, Plaintiff Gerri Lynn Spires has filed a Motion to

Proceed Without Prepayment of Fees (*IFP* Application, Doc. 2, sealed), with an

accompanying Affidavit of Financial Status (Doc. 2-1, sealed), and a Motion to

Appoint Counsel (Doc. 3).  Having reviewed Plaintiff's motions, as well as her

financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP*

status (Doc. 2) but **DENIES** her request for counsel (Doc. 3).

## I.     Motion to Proceed Without Prepayment of Fees.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, **Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See **Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 36 years old and single with two dependents.  (Doc. 2-1, sealed, at 1-2.)  According to her affidavit, however, she does not provide any monthly financial support for her dependents.  (*Id*., at 2.)  Plaintiff is currently unemployed and lists a prior employer other than Defendant in this case.  She did receive a small amount of monthly Welfare benefits for three months.  (*Id*., at 4.)

Plaintiff does not own any real property, but does own a fairly new automobile for which she owes a significant monthly payment.  (*Id*., at 3, 4.)  She does not have am monthly rent payment, but does list grocery expense, her car

payment, and a sizeable monthly payment to "Capitol One Credit," which the Court surmises is a credit card.  (*Id.*, at 5, 6.)  She lists no cash on hand or bank accounts.  (*Id.*, at 4.)  She has not filed for bankruptcy.  (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) and directs that the cases be filed without payment of a filing fee.

## II.    Motion to Appoint Counsel.

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 3.)  The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without

3

the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

As discussed above, Plaintiff's financial situation would make it impossible for her to afford counsel.  The second *Castner* factor is Plaintiff's diligence in searching for counsel.  The form motion used by Plaintiff clearly indicates that she was to "<u>confer with</u> (not merely contact)" at least five attorneys regarding legal representation prior to filing the motion.  (Doc. 3, at 2 (emphasis in original).)  The form provides space for the name, address, date(s) of contact, method of contact, and response received for six attorneys.  Plaintiff has provided information for only one attorney she has contacted.

Often in situations such as this, the Court will require a movant to confer with, and provide the required information regarding, the requisite number of attorneys before the Court will consider the application.  The Court finds in this instance, however, that the motion will be resolved on other factors. As such, requiring Plaintiff to complete this task would not be useful.

The next factor is the merits of Plaintiff's case. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  For the purposes of this motion, the Court does not find Plaintiff's claims to be frivolous or futile.  The

analysis will thus turn to the final *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex. *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Plaintiff has successfully filed her federal court Complaint and navigated the EEOC charging process. Although she is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  As such, Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 2) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 27th day of January, 2017.

S/ KENNETH G. GALE

KENNETH G. GALE

United States Magistrate Judge