IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERRI LYNN SPIRES,

        Plaintiff,

v.                                                                                         Case No. 6:17-cv-01016-JTM

BOOT BARN HOLDINGS, INC.,[1]

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed a *pro se* complaint against her former employer, Boot Barn, alleging that she was discriminated against on account of race. Dkt. 1. This matter is now before the court on defendant's motion to dismiss the complaint. Dkt. 7. Plaintiff has not responded to the motion and the time for doing so has expired.

Defendant first argues the complaint was untimely filed, noting that the EEOC mailed a right-to-sue letter to plaintiff on October 17, 2016, and plaintiff did not file suit until 92 days later, on January 17, 2017. Dkt. 1 at 7. Defendant thus argues the action was filed beyond the 90-day limit allowed by 42 U.S.C. § 2000e-5(f)(1). The 90-day limit runs from *receipt* of the right-to-sue letter, however, not from the date it was mailed, so the action may have been timely filed. When the date of actual receipt is unknown, courts have applied a presumption that a letter was received from three to seven days after mailing. *See Pralle v. Walmart Stores, Inc.*, 2015 WL 8334931, *2 (D. Kan. Dec. 8,

---

[1] Plaintiffs' complaint identified the defendant as "Bootbarn/Sheplers," but defendant's corporate disclosure shows that its legal name is Boot Barn Holdings, Inc. Dkt. 9.

2015) (*citing Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001)). In light of that presumption, and the liberal construction afforded plaintiff's *pro se* pleading, the court cannot find that defendant is entitled to dismissal based solely on the complaint.

Defendant also argues the action should be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Defendant asserts that plaintiff attempted to serve the complaint and summons by mailing them to its retail location and without directing the service to any agent authorized to receive it. Because this method of service does not comply with federal or state law, and plaintiff has not disputed the defendant's allegation, the court concludes that service of process was insufficient under Fed. R. Civ. P. 4(h).

**IT IS THEREFORE ORDERED** this 3rd day of May, 2017, that defendant's Motion to Dismiss (Dkt. 7) without prejudice is GRANTED based upon insufficient service of process.

                                                ___s/ J. Thomas Marten_____
                                                J. THOMAS MARTEN, JUDGE